NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 10 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| MILAGROS DEL PILAR ARAGON LEMA DE MORALES; MIGUEL ANGEL MORALES-SERRANO, | No. 25-6851 |
| Petitioners, | Agency Nos. A246-197-553 A246-197-546 |
| v. | MEMORANDUM* |
| TODD BLANCHE, Acting Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 8, 2026**
San Francisco, California

Before: PAEZ, TALLMAN, and BENNETT, Circuit Judges.

Petitioners Milagros del Pilar Aragon Lema de Morales (Milagros) and

Miguel Angel Morales-Serrano (Miguel), natives and citizens of Peru, petition for

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review of an order of the Board of Immigration Appeals (BIA) dismissing their appeal of an immigration judge's (IJ's) denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1]

"Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). We generally "review the [agency's] denials of asylum, withholding of removal, and CAT relief for 'substantial evidence.'" *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). "We review legal questions, including questions of statutory interpretation, *de novo*." *Lopez v. Garland*, 116 F.4th 1032, 1036 (9th Cir. 2024). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. The agency did not err in denying Petitioners' applications for asylum and withholding of removal. "For both asylum and withholding claims, a petitioner must prove a causal nexus between one of her statutorily protected characteristics and either her past harm or her objectively tenable fear of future harm." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023). We review the agency's nexus determination for substantial evidence, meaning that the agency's determination is "conclusive unless any reasonable adjudicator would be *compelled*

---

[1] Miguel seeks asylum as a derivative beneficiary of Milagros. Miguel also applied separately for asylum, withholding of removal, and protection under CAT. The agency denied all of Petitioners' requests for relief.

to conclude to the contrary." *Id.* (quoting *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022)). When an applicant seeks asylum or withholding of removal based on membership in a "particular social group" (PSG), the applicant must demonstrate (1) "the existence of a cognizable [PSG]," (2) "his membership in that [PSG]," and (3) "a risk of persecution on account of his membership in the specified [PSG]." *Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) (quoting *Matter of W-G-R-*, 26 I. & N. Dec. 208, 223 (B.I.A. 2014)).

Substantial evidence supports the agency's determination that Petitioners failed to establish a nexus between their respective alleged protected grounds—each Petitioner's familial relation to the other—and the harm each Petitioner experienced or feared. Miguel testified credibly that he suffered harm rising to the level of persecution at the hands of his former partner, Myriam Janeth Gamonal-Torres (Myriam). And there was evidence that Milagros suffered some non-physical harm inflicted by Myriam, and that Myriam threatened Milagros. But the record lacks evidence that any such harm was inflicted on Petitioners because of their respective familial relationships with each other. *See Rodriguez-Zuniga*, 69 F.4th at 1018 ("The reasons needed to prove a nexus refer to the persecutor's motivations for persecuting the petitioner."). Rather, the record shows that any such harm was motivated by the personal dispute arising out of Miguel's decision to end his romantic relationship with Myriam. Thus, the record does not compel the conclusion

that the harm Petitioners experienced or feared was inflicted on account of each Petitioner's membership in any claimed PSG. *See id.* at 1016.

Substantial evidence also supports the agency's determination that neither Miguel nor Milagros experienced past persecution committed by the government or by forces that the government was unable or unwilling to control. When Miguel reported Myriam, the police investigated and a civil court ordered Myriam to remain at least 100 meters from Miguel whenever the two exchanged custody of their children. And Miguel did not report Myriam's brother to the Peruvian police. But Myriam's brother was arrested and imprisoned on unrelated drug charges. For her part, Milagros never reported Myriam to the police, and she did not present evidence that she lacked meaningful access to governmental protection, or that reporting Myriam to the police would have been futile. But to maintain a claim for past persecution, Milagros was required to "convincingly establish that [filing a report] would have been futile or have subjected [her] to further abuse." *See Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006).

On this record, and upon reviewing the country conditions reports submitted by Petitioners, substantial evidence supports the agency's determination that Petitioners had failed to establish that the police or other authorities would not have helped protect them from Myriam and her brother. Thus, substantial evidence supports the agency's denials of asylum and withholding of removal.

25-6851

2.    The agency also did not err in denying Petitioners' applications for relief under CAT. To establish entitlement to CAT protection, "an applicant must show 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.16(c)(2)). "The torture must be 'inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity.'" *Id.* (quoting 8 C.F.R. § 1208.18(a)(1)). The BIA upheld the IJ's finding that Petitioners failed to demonstrate that, if returned to Peru, they would more likely than not be tortured with government acquiescence. We review that determination for substantial evidence. *See Salguero Sosa v. Garland*, 55 F.4th 1213, 1217, 1222 (9th Cir. 2022).

Substantial evidence supports the agency's determination that each Petitioner failed to show a likelihood of their torture with government acquiescence. *See id.* On this record, the agency was not compelled to find that either Petitioner suffered past torture or faced a likelihood of future torture upon their removal to Peru, or that either Petitioner demonstrated government acquiescence in any torture. *See Davila v. Barr*, 968 F.3d 1136, 1144 (9th Cir. 2020) ("Torture is 'more severe than persecution.'") (quoting *Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018)); *B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022) ("Generalized evidence of violence in

a country is itself insufficient to establish that anyone in the government would acquiesce to a petitioner's torture.").

3.     Petitioners argue that the agency erred by failing to conduct cumulative-effect review, which is required in "determining whether a petitioner's past mistreatment rises to the level of persecution." *See Salguero Sosa*, 55 F.4th at 1218.  But as to Miguel, any such error is irrelevant because the agency decided that "Miguel's past harm rises to the level of persecution."  And the agency "considered cumulatively" the evidence of "Milagros's past harm."  In any event, the agency's denial of asylum and withholding of removal to each Petitioner also relied on each Petitioner's failure to establish a nexus to a protected ground and on each Petitioner's failure to demonstrate that any past persecution was committed by the government or by forces that the government was unable or unwilling to control.

Petitioners' motion for a stay of removal (Dkt. No. 2) is denied as moot.  The temporary stay of removal is lifted.

**PETITION DENIED.**